UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARLON HOWELL, #347367,

          Petitioner,

v.

          CASE NO. 2:17-CV-12444
          HONORABLE VICTORIA A. ROBERTS

LORI GIDLEY,

          Respondent.
_____/

## **OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

### **I. INTRODUCTION**

Michigan prisoner Duane Range ("Petitioner") has filed a pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and several other federal statutes[1] challenging his parole revocation. Having reviewed the matter, the Court finds that Petitioner has not exhausted his habeas claims in the state courts before seeking review in federal court. Accordingly, the Court shall dismiss without prejudice the petition. The Court shall also deny a certificate of appealability and deny leave to proceed in forma pauperis on appeal.

---

[1] Although Petitioner seeks to proceed under 28 U.S.C. § 2241 and other federal statutes, the Court notes that the exclusive remedy for a state prisoner seeking federal habeas relief is 28 U.S.C. § 2254. *See Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006) ("numerous federal decisions . . . support the view that all petitions filed on behalf of persons in custody pursuant to state court judgments are filed under section 2254" and are subject to the requirements of the AEDPA); *Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001) (when a state prisoner seeks habeas relief, but does not directly or indirectly challenge a state court conviction or sentence, the requirements of § 2254 apply no matter what statutory label is used because the detention arises from a state court process).

## II. DISCUSSION

Petitioner challenges the revocation of his parole in his pleadings. He does not indicate that he pursued any relief in the Michigan courts and seems to believe that exhaustion of state court remedies is not required due to the unavailability of a state corrective process.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the Petition must be dismissed without prejudice.

A prisoner filing habeas petition under 28 U.S.C. §2254 must first exhaust state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); 28 U.S.C. § 2254(b), (c). This holds true for habeas petitions challenging state parole revocation decisions. *See Sneed v. Donahue*, 993 F.2d 1239, 1241 (6th Cir. 1993) (noting that petitioner exhausted state remedies before bringing habeas action challenging parole revocation); *Brewer v. Dahlberg*, 942 F.2d 328, 337-39 (6th Cir. 1991) (dismissing challenge to state parole revocation

where state remedies seemed to be available); *Range v. Brewer*, No. 2:17-CV-11242, 2017 WL 1549754, *2 (E.D. Mich. May 1, 2017) (citing cases); *accord Brown v. Jackson*, No. 1:17-cv-571, 2017 WL 3140902, *3 (W.D. Mich. July 25, 2017).

To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have raised both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must be presented as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). For a Michigan prisoner, each claim must also be raised before the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987); *Wagner*, 581 F.3d at 415 (citing *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner fails to establish that he exhausted his parole revocation claims in the state courts before proceeding in federal court on habeas review. His pleadings do not reflect any attempt to exhaust state court remedies. Petitioner, however, has an available remedy by which to exhaust his parole revocation claims in the state courts. He may file a complaint for a writ of habeas corpus in the appropriate state circuit court, Mich. Comp. Laws § 600.4301 et seq., Mich. Ct. R. 3.303; *Hinton v. Michigan Parole Bd.*, 148 Mich. App. 235, 383 N.W.2d 626 (1986); *Triplett v. Deputy Warden*, 142 Mich. App. 774, 371 N.W.2d 862 (1985); *see also Caley v. Hudson*, 759 F. Supp. 378, 380-81

3

(E.D. Mich. 1991). While the denial of such a writ is not appealable by right, the petition may be renewed by filing an original complaint for writ of habeas corpus with the Michigan Court of Appeals. *Id*. Denial of such a complaint by the Michigan Court of Appeals is subject to review by the Michigan Supreme Court. Mich. Ct. R. 7.301. There is no time limit for filing a state habeas complaint as long as the prisoner is in custody when the judgment becomes effective. *Triplett*, 142 Mich. App. at 779.[2] Because Petitioner fails to demonstrate that he exhausted available state court remedies before seeking federal habeas review, his habeas claims are premature and this case must be dismissed.

Lastly, the Court notes that Petitioner cites 42 U.S.C. § 1983 in the title of his pleading, but does make further references to a civil rights action in the body of his pleading. To the extent that Petitioner seeks to pursue civil rights claims relative to his parole revocation, he must do so in a properly filed civil rights action. The requirements for pursuing a civil rights action in federal court differ from those in a habeas proceeding, including the payment of a $350.00 filing fee and a $50.00 administrative fee for a civil rights action versus a $5.00 filing fee for a habeas action, and complying with certain pleading standards. Petitioner may not circumvent those requirements by filing a joint or hybrid action. Accordingly, the Court dismisses without prejudice any potential civil rights claims. The Court makes no determination as to the procedural or substantive merits of a civil rights action.

---

[2] The Michigan's Administrative Procedures Act, Mich. Comp. Laws § 24.201 *et seq.*, also provides an inmate whose parole has been revoked with the right to seek judicial review of the Parole Board's decision in the state circuit court. *Penn v. Department of Corrections*, 100 Mich. App. 532, 298 N.W.2d 756 (1980). This must be done within 60 days of the parole revocation. The circuit court decision is appealable in the Michigan Court of Appeals and the Michigan Supreme Court. Mich. Ct. R. 7.205, 7.302.

## III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner fails to establish that he exhausted his habeas claims in the state courts before proceeding on federal habeas review. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the Petition for a Writ of Habeas Corpus. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal this decision, a Certificate of Appealability ("COA") must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A COA may issue only if the petitioner makes "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court relief on procedural grounds without addressing the merits, a COA should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a COA. The Court also **DENIES** Petitioner leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

S/VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: August 4, 2017